E-filing

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name **CRommelin   Jeffrey   M**
     (Last)        (First)    (Initial)

Prisoner Number **E-98116**

Institutional Address **Mule Creek State Prison**
**P.O Box - 409020 - Ione, CA - 95640**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Jeffrey Micheal Crommelin**
(Enter the full name of plaintiff in this action.)

vs.

**Mike Martel**
**Warden (A)**

(Enter the full name of respondent(s) or jailor in this action)

Case No. _____
(To be provided by the clerk of court)

CV 08 2455

PETITION FOR A WRIT
OF HABEAS CORPUS

WHA

(PR)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS         - 1 -

|   |   |
|---|---|
| 1 | Who to Name as Respondent |
| 2 | You must name the person in whose actual custody you are. This usually means the Warden or |
| 3 | jailor. Do not name the State of California, a city, a county or the superior court of the county in which |
| 4 | you are imprisoned or by whom you were convicted and sentenced. These are not proper |
| 5 | respondents. |
| 6 | If you are not presently in custody pursuant to the state judgment against which you seek relief |
| 7 | but may be subject to such custody in the future (e.g., detainers), you must name the person in whose |
| 8 | custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack |
| 9 | was entered. |
| 10 | A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE |
| 11 | 1. What sentence are you challenging in this petition? |
| 12 | (a)   Name and location of court that imposed sentence (for example; Alameda |
| 13 | County Superior Court, Oakland): |
| 14 | _Alameda County Superior Court  Hayward_ |
| 15 | Court                                                   Location |
| 16 | (b)   Case number, if known _118954A / H-40868A_ |
| 17 | (c)   Date and terms of sentence _March 15, 2007_ |
| 18 | (d)   Are you now in custody serving this term? (Custody means being in jail, on |
| 19 | parole or probation, etc.)          Yes _X_   No ___ |
| 20 | Where? |
| 21 | Name of Institution: _Mule Creek State Prison_ |
| 22 | Address: _P.O Box-409020 - Ione, CA - 95640_ |
| 23 | 2. For what crime were you given this sentence? (If your petition challenges a sentence for |
| 24 | more than one crime, list each crime separately using Penal Code numbers if known. If you are |
| 25 | challenging more than one sentence, you should file a different petition for each sentence.) |
| 26 | _VC-10851, PC-496(a)   9-Prison Priors_ |
| 27 | _PC-667.5 B_ |
| 28 |  |

PET. FOR WRIT OF HAB. CORPUS            - 2 -

3. Did you have any of the following?

| | | |
|---|---|---|
| Arraignment: | Yes X | No ____ |
| Preliminary Hearing: | Yes X | No ____ |
| Motion to Suppress: | Yes X | No ____ |

4. How did you plead?

Guilty X   Not Guilty ____   Nolo Contendere ____

Any other plea (specify) NO

5. If you went to trial, what kind of trial did you have? No trial

Jury ____   Judge alone ____   Judge alone on a transcript ____

6. Did you testify at your trial?   Yes ____   No X

7. Did you have an attorney at the following proceedings:

(a) Arraignment   Yes X   No ____
(b) Preliminary hearing   Yes X   No ____
(c) Time of plea   Yes X   No ____
(d) Trial   Yes ____   No X
(e) Sentencing   Yes X   No ____
(f) Appeal   Yes ____   No X
(g) Other post-conviction proceeding   Yes ____   No X

8. Did you appeal your conviction?   Yes X   No ____

(a) If you did, to what court(s) did you appeal?

Court of Appeal   Yes X   No ____
Year: Oct 3 2007   Result: denied

Supreme Court of California   Yes X   No ____
Year: April 23 2008   Result: denied

Superior Court Alameda
Any other court   Yes X   No ____
Year: Sept 12 2007   Result: denied

(b) If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS   - 3 -

1             petition?                                           Yes _____    No __X__

2       (c)    Was there an opinion?                        Yes _____    No __X__

3       (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                                         Yes _____    No __X__

5             If you did, give the name of the court and the result:

6             _____

7             _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?          Yes __X__    No _____

10            [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition. You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15 U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17                questions for each proceeding. Attach extra paper if you need more space.

18           I.      Name of Court: _Superior Court of C.A. Alameda Co._

19                   Type of Proceeding: _Petition for Writ of Habeas Corpus_

20                   Grounds raised (Be brief but specific):

21                      a. _Change of Law - Cunningham Vs. California_

22                      b. _Judge Superseded his Authority_

23                      c. _Ineffective legal Counsel_

24                      d. _____

25                      Result: _denied_                    Date of Result: _Sept 12, 2007_

26           II.      Name of Court: _First Appellate District - Division 4_

27                   Type of Proceeding: _Writ of habeas Corpus_

28                   Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS         - 4 -

|   |   |
|---|---|
| 1 | a. Change of Law - Cunningham vs. California |
| 2 | b. Judge Superseded his Authority |
| 3 | c. ineffective legal Counsel |
| 4 | d. _____ |
| 5 | Result: denied    Date of Result: Oct. 11, 2007 |

    III.  Name of Court: California State Supreme Court

         Type of Proceeding: Writ of habeas Corpus

         Grounds raised (Be brief but specific):

         a. Change of law - Cunningham vs. California
         b. Judge Superseded his Authority
         c. Ineffective legal Counsel
         d. _____

         Result: denied    Date of Result: Apr. 23, 2008

    IV.  Name of Court: _____

         Type of Proceeding: _____

         Grounds raised (Be brief but specific):

         a. _____
         b. _____
         c. _____
         d. _____

         Result: _____    Date of Result: _____

  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

         Yes ____    No __X__

  Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS    - 5 -

1 | need more space. Answer the same questions for each claim.

2 | [Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: Petitioner's is Challenging the 6th prior and the 7th prior

Supporting Facts: On March 15, 2007, In Alameda County Superior Court, Judge Michael Gaffey, Sentenced me to 1 Count VC 10851(a) Count 2 pc 496(a) which was stayed. With the nine prison priors. But the (See addition page)

Claim Two: Change of Law - Cunningham vs. California

Supporting Facts: On or about March 15, 2007 Petitioner was sentenced to 11 years. After Petitioner was sentenced "Cunningham vs. California", The United States Supreme Court Came down with a ruling that (See additional page)

Claim Three: Ineffective Legal Counsel

"Count 1 10851 VC"
Supporting Facts: He failed to argue the upper term giving to me and as well Clearly states in his letter dated may 22, 2007 Exhibit "A" Please read" that I Should've only recieved 1 prior for the (2) seperate Counts in Contra Costa County" which is the 6th and 7th Prior on my Charge Sheet. Please read Exhibit "A"

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_____
_____
_____
_____

PET. FOR WRIT OF HAB. CORPUS    - 6 -

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

In RE: Cunningham (2007) 127 S. CAL 856 - In RE: Seaton (2004) 34- Cal 4th 193, 17 Cal-Rptr 3rd 633, 95 P. 3rd 896 (Change of law claim can be raised on Habeus Corpus review if petitioner did not (cont on additional page)

Do you have an attorney for this petition?         Yes___   No X

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  5-4-08                    /s/ Jeff Grommelis
              Date                     Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS          - 7 -

*Law Offices Of*
**JAMES R. TOMCIK**
*4450 Black Avenue, Suite B*
*Pleasanton, CA 94566*

*Telephone: (925) 462-0665*
*E-Mail :jrtatty@sbcglobal.net*

*Fax: (925) 462-2732*

May 22, 2007

Jeffrey Crommelin, E-98116
San Quentin State Prison
San Quentin, CA 94974

RE: Sentence computation

Dear Mr. Crommelin:

    I have gone over the pleadings in your case as well as the transcript of your plea. The complaint alleged 8 prior felonies, but only 7 were prison priors. The Contra Costa prison prior had 2 separate counts, but only counts as one prior.

    On the 10851, the maximum is 4 years, and on count 2, the 496 it adds 8 months. For each of the 7 prison priors, you got 1 year. This make the max 11 years 8 months. Judge Gaffey reduced it on his own by one year as I recall. I cannot find anything wrong with the calculation.

Very truly yours,

*[signature: Jim Tomcik]*

James R. Tomcik

Dept. No. 701

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA,
GALE/SCHENONE HALL OF JUSTICE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA | NO. COMPLAINT  118954 A |
| v. | |
| **JEFFREY MICHAEL CROMMELIN** | PFN: ASD718   CEN: 5211925 |
| **LISA ARELLANO** | PFN: BFD961   CEN: 6211941 |
| | IN CUSTODY |
| Defendant(s). | |

The Undersigned, being sworn says, on Information and belief, that JEFFREY MICHAEL CROMMELIN did, in the County of Alameda, State of California, on or about January 25, 2006, commit a Felony, to wit: UNLAWFUL DRIVING OR TAKING OF A VEHICLE, a violation of section 10851(a) of the VEHICLE CODE of California, in that said defendant(s) did unlawfully drive and take a certain vehicle, to wit: 1992 HONDA ACCORD, then and there the personal property of CRAIG STEWART PATERSON without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle.

**SECOND COUNT**

The Undersigned further deposes and says on Information and belief, that said JEFFREY MICHAEL CROMMELIN and LISA ARELLANO did, in the County of Alameda, State of California, on or about January 25, 2006, commit a Felony, to wit: RECEIVING STOLEN PROPERTY, a violation of section 496(a) of the PENAL CODE of California, in that said defendant(s) did unlawfully buy, receive, conceal, sell, withhold, and aid in concealing, selling, and withholding property, to wit: CHECKS, CREDIT CARDS, DRIVER'S LICENSE, which had been stolen and obtained in any manner constituting theft and extortion, knowing that said property had been stolen and so obtained.

**FIRST PRIOR CONVICTION AS TO DEFENDANT CROMMELIN**

The undersigned further alleges that before the commission of the offense specified above, said defendant JEFFREY MICHAEL CROMMELIN, on or about May 4, 2005, was convicted in the Superior Court of the State of California, in and for the County of ALAMEDA, of the crime of a FELONY, to wit: RECEIVING STOLEN PROPERTY, a violation of section 496(a) of the PENAL CODE of California, and received a prison term therefor.

**SECOND PRIOR CONVICTION AS TO DEFENDANT CROMMELIN**

The undersigned further alleges that before the commission of the offense specified above, said defendant JEFFREY MICHAEL CROMMELIN, on or about July 5, 2002, was convicted in the Superior Court of the State of California, in and for the County of ALAMEDA, of the crime of a FELONY, to wit: RECEIVING STOLEN PROPERTY, a violation of section 496(a) of the PENAL CODE of California, and received a prison term therefor.

### THIRD PRIOR CONVICTION AS TO DEFENDANT CROMMELIN

The undersigned further alleges that before the commission of the offense specified above, said defendant JEFFREY MICHAEL CROMMELIN, on or about April 27, 2000, was convicted in the Superior Court of the State of California, in and for the County of ALAMEDA, of the crime of a Felony, to wit: UNLAWFUL DRIVING OR TAKING OF A VEHICLE, a violation of section 10851(a) of the VEHICLE CODE of California, and received a prison term therefor.

### FOURTH PRIOR CONVICTION AS TO DEFENDANT CROMMELIN

The undersigned further alleges that before the commission of the offense specified above, said defendant JEFFREY MICHAEL CROMMELIN, on or about July 14, 1994, was convicted in the Superior Court of the State of California, in and for the County of ALAMEDA, of the crime of a Felony, to wit: UNLAWFUL DRIVING OR TAKING OF A VEHICLE, a violation of section 10851(a) of the VEHICLE CODE of California, and received a prison term therefor.

### FIFTH PRIOR CONVICTION AS TO DEFENDANT CROMMELIN

The undersigned further alleges that before the commission of the offense specified above, said defendant JEFFREY MICHAEL CROMMELIN, on or about March 3, 1989, was convicted in the Superior Court of the State of California, in and for the County of ALAMEDA, of the crime of a FELONY, to wit: SALE OF A CONTROLLED SUBSTANCE, a violation of section 11379(a) of the HEALTH AND SAFETY CODE of California, and received a sentence of probation therefor.

### SIXTH PRIOR CONVICTION AS TO DEFENDANT CROMMELIN

The undersigned further alleges that before the commission of the offense specified above, said defendant JEFFREY MICHAEL CROMMELIN, on or about September 23, 1991, was convicted in the Superior Court of the State of California, in and for the County of CONTRA COSTA, of the crime of a Felony, to wit: GRAND THEFT OF REAL PROPERTY, a violation of section 487(a) of the PENAL CODE of California, and received a prison term therefor.

### [PRIOR CONVICTION AS TO DEFENDANT CROMMELIN]

The undersigned further alleges that before the commission of the offense specified above, said defendant JEFFREY MICHAEL CROMMELIN, on or about September 23, 1991, was convicted in the Superior Court of the State of California, in and for the County of [CONTRA COSTA], of the crime of a Felony, to wit: RECEIVING STOLEN PROPERTY, a violation of section 496(a) of the PENAL CODE of California, and received a prison term therefor.

### EIGHTH PRIOR CONVICTION AS TO DEFENDANT CROMMELIN

+1

The undersigned further alleges that before the commission of the offense specified above, said defendant JEFFREY MICHAEL CROMMELIN, on or about May 29, 1998, was convicted in the Superior Court of the State of California, in and for the County of SAN JOAQUIN, of the crime of a Felony, to wit: UNLAWFUL DRIVING OR TAKING OF A VEHICLE, a violation of section 10851(a) of the VEHICLE CODE of California, and received a prison term therefor.

### NINTH PRIOR CONVICTION AS TO DEFENDANT CROMMELIN

+1

The undersigned further alleges that before the commission of the offense specified above, said defendant JEFFREY MICHAEL CROMMELIN, on or about March 23, 2001, was convicted in the Superior Court of the State of California, in and for the County of SAN JOAQUIN, of the crime of a Felony, to wit: FORGERY, a violation of section 470(a) of the PENAL CODE of California, and received a prison term therefor.

### FIRST PRIOR CONVICTION AS TO DEFENDANT ARELLANO

The undersigned further alleges that before the commission of the offense specified above, said defendant LISA ARELLANO, on or about July 1, 2002, was convicted in the Superior Court of the State of California, in and for the County of SAN JOAQUIN, of the crime of a Felony, to wit: GRAND THEFT PERSON, a violation of section 487(c) of the PENAL CODE of California, and received a prison term therefor.

### SECOND PRIOR CONVICTION AS TO DEFENDANT ARELLANO

The undersigned further alleges that before the commission of the offense specified above, said defendant LISA ARELLANO, on or about April 24, 2003, was convicted in the Superior Court of the State of California, in and for the County of SAN JOAQUIN, of the crime of a Felony, to wit: MANUFACTURING PHENCYCLIDINE, a violation of section 11379.6(a) of the HEALTH AND SAFETY CODE of California, and received a prison term therefor.

### THIRD PRIOR CONVICTION AS TO DEFENDANT ARELLANO

The undersigned further alleges that before the commission of the offense specified above, said defendant LISA ARELLANO, on or about April 24, 2003, was convicted in the Superior Court of the State of California, in and for the County of SAN JOAQUIN, of the crime of a Felony, to wit: POSSESSION/INTENT/MANUFACTURE METHAMPHETAMINE/ANALOGS, a violation of section 11383(c)(1) of the HEALTH AND SAFETY CODE of California, and received a prison term therefor.

### FOURTH PRIOR CONVICTION AS TO DEFENDANT ARELLANO

The undersigned further alleges that before the commission of the offense specified above, said defendant LISA ARELLANO, on or about May 7, 2003, was convicted in the Superior Court of the State of California, in and for the County of SAN JOAQUIN, of the crime of a Felony, to wit: RECEIVING STOLEN PROPERTY, a violation of section 496(a) of the PENAL CODE of California, and received a prison term therefor.

### FIFTH PRIOR CONVICTION AS TO DEFENDANT ARELLANO

The undersigned further alleges that before the commission of the offense specified above, said defendant LISA ARELLANO, on or about May 7, 2003, was convicted in the Superior Court of the State of California, in and for the County of SAN JOAQUIN, of the crime of a FELONY, to wit: GRAND THEFT PERSON, a violation of section 487(c) of the PENAL CODE of California, and received a prison term therefor.

### SIXTH PRIOR CONVICTION AS TO DEFENDANT ARELLANO

The undersigned further alleges that before the commission of the offense specified above, said defendant LISA ARELLANO, on or about May 7, 2003, was convicted in the Superior Court of the State of California, in and for the County of SAN JOAQUIN, of the crime of a Felony, to wit: POSSESSION/INTENT/MANUFACTURE METHAMPHETAMINE/ANALOGS, a violation of section 11383(c)(1) of the HEALTH AND SAFETY CODE of California.

### SEVENTH PRIOR CONVICTION AS TO DEFENDANT ARELLANO

The undersigned further alleges that before the commission of the offense specified above, said defendant LISA ARELLANO, on or about May 7, 2003, was convicted in the Superior Court of the State of California, in and for the County of SAN JOAQUIN, of the crime of a Felony, to wit: MANUFACTURING PHENCYCLIDINE, a violation of section 11379.6(a) of the HEALTH AND SAFETY CODE of California, and received a prison term therefor.

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by Penal Code Section 1054.3.

Complainant therefore prays that a warrant issue and that said defendant(s) be dealt with according to law.

Subscribed and sworn to before me,
Thursday, January 26, 2006

/s/  Livermore PD-06-000721

DONNA A. MCINTOSH
Deputy District Attorney
State Bar #169135 bw
Alameda County, California

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT - DETERMINATE
[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]

CR-290

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
BRANCH OR JUDICIAL DISTRICT: **HAYWARD HALL OF JUSTICE**

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **CROMMELIN, JEFFREY MICHAEL**  DOB: **03-20-70**

AKA:
CII#: **08800669**
BOOKING INFORMATION: PFN: **ASD718**  CEN: **6211925**

H40868A  -A
         -B
         -C
         -D

☐ NOT PRESENT

FILED ALAMEDA COUNTY APR 0 4 2007 CLERK OF THE SUPERIOR COURT By Roslynn Coleman, Deputy

☒ COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT   ☐ AMENDED ABSTRACT

DATE OF HEARING: **03-15-2007**  DEPT. NO.: **513**  JUDGE: **MICHAEL GAFFEY**
CLERK: **BRIAN WALLACE**  REPORTER: **DEBBIE WOLFE**  PROBATION NUMBER OR PROBATION OFFICER: **DEBRA FONG**  ☐ IMMEDIATE SENTENCING
COUNSEL FOR PEOPLE: **JILL NERONE**  ☒ Deputy District Attorney  ☐ State Attorney General
COUNSEL FOR DEFENDANT: **JAMES TOMCIK**  ☒ Deputy Public Defender  ☐ Private Counsel

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment ___ (number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | JURY | COURT | PLEA | Term (L,M,U) | Concurrent | Consecutive 1/3 Violent | Consecutive 1/3 NON Violent | Consecutive Full Term | Incomplete sentence (refer to item 5) | 654 Stay | YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | VC | 10851(a) | UNLAWFUL DRIVE/TAKE VEHICLE | 2006 | 05-04-2006 | | | X | U | | | | X | | | 3 | 0 |
| 2 | PC | 496(a) | RECEIVING STOLEN PROPERTY | 2006 | 05-04-2006 | | | X | M | | | | | | X | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| COUNT | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL | |
|---|---|---|---|---|---|---|---|
| 1st prior – PC 667.5B | 1 | 2nd prior – PC 667.5B | 1 | 3rd prior - PC 667.5B | 1 | 3 | 0 |
| 4th prior – PC 667.5B | 1 | 5th prior - PC 667.5B | 1 | 6th prior - PC 667.5B | 1 | 3 | 0 |
| 7th prior – PC 667.5B | 1 | 8th prior – PC 667.5B | 1 | 9th prior – PC 667.5B | S | 2 | 0 |

4. ☐ Defendant was sentenced PER: ☐ PC 667 (b)-(i) or PC 1170.12 (two-strikes)
   ☐ PC 1170(a)(3). Pre-confinement credits equal or exceed time imposed (Paper Commitment). Deft. ordered to report to local Parole Office upon release.

5. INCOMPLETE SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |

6. TOTAL TIME ON ATTACHED PAGES: ___
7. ☐ Additional indeterminate term (see CR-292).
8. TOTAL TIME excluding county jail term: **11** **0**

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR-290 (Rev. January 1, 2007)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE

Penal Code §§ 1213, 1213.5

| PEOPLE OF THE STATE OF CALIFORNIA vs. | | | |
|---|---|---|---|
| DEFENDANT: **CROMMELIN, JEFFREY MICHAEL** | | | |
| H40868A  -A | -B | -C | -D |

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

a. Restitution Fines(s):
Case A: $<u>200.00</u> per PC 1202.4(b) forthwith per PC 2085.5;   $_____ per PC 1202.45 suspended unless parole is revoked.
   $<u>200.00</u> per PC 1202.44 is now due, probation having been revoked.
Case B: $_____ per PC 1202.4(b) forthwith per PC 2085.5;   $_____ per PC 1202.45 suspended unless parole is revoked.
   $_____ per PC 1202.44 is now due, probation having been revoked.
Case C: $_____ per PC 1202.4(b) forthwith per PC 2085.5;   $_____ per PC 1202.45 suspended unless parole is revoked.
   $_____ per PC 1202.44 is now due, probation having been revoked.
Case D: $_____ per PC 1202.4(b) forthwith per PC 2085.5;   $_____ per PC 1202.45 suspended unless parole is revoked.
   $_____ per PC 1202.44 is now due, probation having been revoked.

b. Restitution per PC 1202.4(f):
Case A: $_____   ☐ Amount to be determined to:   ☐ victim(s)*   ☐ Restitution Fund
Case B: $_____   ☐ Amount to be determined to:   ☐ victim(s)*   ☐ Restitution Fund
Case C: $_____   ☐ Amount to be determined to:   ☐ victim(s)*   ☐ Restitution Fund
Case D: $_____   ☐ Amount to be determined to:   ☐ victim(s)*   ☐ Restitution Fund

☐ * Victim name(s) if known and amount breakdown in item 11, below.   ☐ * Victim name(s) in probation officer's report.

c. Fine(s):
Case A: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐county jail ☐prison in lieu of fine ☐concurrent ☐consecutive
   ☐ includes:   ☐ $50 Lab Fee per HS 11372.5(a)   ☐ $_____ Drug Program Fee per HS 11372.(a) for each qualifying offense
Case B: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐county jail ☐prison in lieu of fine ☐concurrent ☐consecutive
   ☐ includes:   ☐ $50 Lab Fee per HS 11372.5(a)   ☐ $_____ Drug Program Fee per HS 11372.(a) for each qualifying offense
Case C: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐county jail ☐prison in lieu of fine ☐concurrent ☐consecutive
   ☐ includes:   ☐ $50 Lab Fee per HS 11372.5(a)   ☐ $_____ Drug Program Fee per HS 11372.(a) for each qualifying offense
Case D: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐county jail ☐prison in lieu of fine ☐concurrent ☐consecutive
   ☐ includes:   ☐ $50 Lab Fee per HS 11372.5(a)   ☐ $_____ Drug Program Fee per HS 11372.(a) for each qualifying offense

d. Court Security Fee: **$40.00** per PC 1465.8.

10. TESTING:  a. ☐ Compliance with PC 296 verified   b. ☐ DNA per PC 296  c. ☐ AIDS per PC 1202.1  d. ☐ other (specify): _____
11. OTHER ORDERS (specify): <u>Defendant is ordered to pay a Probation Investigation Fee of $62.50.  Restitution in the amount of $2,645.40 is ordered to Bruce Johnson.</u>
12. IMMEDIATE SENTENCING
    ☒ Probation to prepare and submit post-sentence report to CDCR per PC 1203c.    Defendant's race/national origin: _____
13. EXECUTION OF SENTENCE IMPOSED
    a. ☐ at initial sentencing hearing                        d. ☐ at resentencing per recall of commitment (PC 1170(d))
    b. ☐ at resentencing per decision on appeal              e. ☐ other (specify):
    c. ☒ after revocation of probation

14. CREDIT FOR TIME SERVED

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | | | CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|---|---|---|---|---|
| A | 415 | 277 | 138 | ☐ 4019 | ☒ 2933.1 | C | | | ☐ 4019 | ☐ 2933.1 |
| B | | | | ☐ 4019 | ☐ 2933.1 | D | | | ☐ 4019 | ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: | TIME SERVED IN STATE INSTITUTION | | |
|---|---|---|---|
| 03-15-07 | DMH (   ) | CDC (   ) | CRC (   ) |

15. Defendant is remanded to the custody of the sheriff:   ☒forthwith   ☐after 48 hours excluding Saturdays, Sundays and holidays.
    To be delivered to:  ☒ the reception center designated by director, California Dept. of Corrections and Rehabilitation:  ☒San Quentin   ☐Chowchilla
    ☐ other (specify):

**CLERK OF THE COURT**
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| **ROSLYNN COLEMAN**  *Roslynn Coleman* | 04-04-07 |

CR-290 (Rev. Jan. 1, 2007)   **ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**   Page 2 of 2

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instruments is a true and correct copy of the original on file in this office
ATTEST: DEC 1 4 2007
CLERK OF THE SUPERIOR COURT
By:
Deputy

JAN 0 3 2008

E98116 Crommelin

AGY B6m

5-91 California Criminal Defense Practice § 91.80

CUMSTANCES, MORE THAN ONE ENHANCEMENT MAY NOT BE APPLIED IF BASED ON THE SAME PRIOR OFFENSE.n7 ENHANCEMENT PROVISIONS MAY BE APPLIED, EVEN IF ENACTED AFTER THE COMMISSION OF THE PRIOR OFFENSE.n8

**[1] Definitions**

**[a] Prior Conviction**

"Prior conviction," at least for purposes of the *Penal Code Section 667(a)* prior-serious-felony-conviction enhancement, discussed in § 91.81[1], has been interpreted as meaning a prior conviction that occurred before the commission of the present offense. Thus, for example, if the defendant is convicted of a serious felony in another case during the pendency of the present charges, the prosecution cannot subsequently amend the accusatory pleading for the present charges to include an enhancement for a "prior conviction" of a serious felony that is based on the new conviction.n9 A "conviction," at least for purposes of the *Penal Code Section 667(a)* prior-serious-felony-conviction enhancement, occurs on entry of a guilty plea or on announcement of the verdict, rather than when judgment is pronounced.n10

**[b] Prior Prison Term**

**[i] Completed Prison Term**

Other enhancements discussed in this subpart are based on an allegation that the defendant has previously served a prior separate prison term for a prior conviction. This type of enhancement in fact is dependent on a prior conviction, but differs in that it further requires that the defendant served, and completed, a prison term for that conviction, as discussed in the text below.

Most of the case law regarding the service of a prior separate prison term has arisen in the context of the *Penal Code Section 667.5* prior-prison-term-for-a-prior-felony-conviction enhancement, discussed in § 91.81[2][a] and [b]. However, the principles expressed in that case law are probably applicable to other enhancements based on the service of a prior separate prison term.

At least for purposes of a *Penal Code Section 667.5* enhancement, a prior separate prison term must be a continuous completed period of incarceration[11] imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes.n12 If the defendant served a single prison term for two or more concurrent offenses, the court may not impose more than one enhancement for this prison term.n13 However, a consecutive sentence imposed pursuant to *Penal Code Section 1170.1(c)* for a felony committed while the defendant is serving a prison sentence constitutes a separate prison term for enhancement purposes, even if it is served during a single prison commitment term.n14

The court need not state during pronouncement of judgment on the current offense that the defendant's prior conviction resulted in a prison term.n15

Although the defendant may not actually have served time in prison after conviction because presentence credits exceeded the term imposed, this type of prior prison sentence may still constitute a prior prison term for purposes of sentence enhancement.n16

The prior prison term, for these purposes, must be shown to have been served for the prior conviction alleged in the enhancement. Thus, the enhancement may not be based on an allegation that the defendant suffered a prior conviction for a count that was stayed under *Penal Code Section 654*. When a conviction is stayed, the defendant does not serve a prison term for it, although the defendant may have served a prison term for other counts that were not stayed in the same prosecution. If the prosecution has not alleged all those other convictions that were not stayed, as the basis of the *Penal Code Section 667.5(b)* enhancement, then the enhancement is not supported by the evidence.n16.01

The prosecution must prove that the prior prison term was completed. It is not sufficient to merely show that the defendant was sentenced to a term of more than one year, especially if the prior term was served out-of-state, if the sentence does not indicate a mandatory minimum term, or whether custody or other credits offered early parole, or whether some other provision allowed the defendant early release.n16.1

To prove that the defendant completed a prior prison term, the prosecution may introduce an abstract of judgment and a state prison commitment form. The prosecution's introduction of this evidence raises a rebuttable presumption that the defendant completed his or her prison term. The defendant remains free to present evidence raising a doubt whether he or she in fact completed the term of imprisonment.n17

Any reimprisonment on revocation of parole18 that is not accompanied by a new commitment to prison is included within the original prison term, and does not constitute a separate prior prison term for these purposes.n19 However, if the defendant is reimprisoned on revocation of parole with a new commitment to state prison, the revocation time is severed from the completed prior prison term, and the defendant begins serving what will eventually become a new, second and separate prior prison term for future purposes.n20

Page 51

5-91 California Criminal Defense Practice § 91.80

Any reimprisonment after an escape from prison that is not accompanied with a new commitment to prison for the escape also is included within the original prison term, and does not constitute a separate prior prison term for these purposes.n21 However, if the defendant is convicted of the escape and a consecutive term is imposed for the escape, the term for the escape is a new, second and separate prior prison term for future purposes.n21.1

If a trial court has suspended imposition of sentence and placed a defendant on probation, and then later revokes the probation and imposes a prison term for both the original offense and the new offense that triggered the probation violation, the ensuing prison term is but one completed prior separate prison term for *Penal Code Section 667.5* purposes.n21.2

**[ii] Qualifying Commitment Facilities**

At least for purposes of a *Penal Code Section 667.5* enhancement, a defendant serves a prison term when he or she serves any confinement time in any state prison or federal penal institution as punishment for the commission of an offense.n22

At least for purposes of a *Penal Code Section 667.5* enhancement, when a person subject to the control, custody, and discipline of the Secretary of the Department of Corrections and Rehabilitation is incarcerated at a facility of the Division of Juvenile Facilities, that incarceration is deemed to be a term served in state prison for purposes of a sentence enhancement.n23 Thus, a defendant's prior term as a youthful adult offender committed to state prison, but ordered transferred to the Division of Juvenile Facilities for housing, under *Welfare and Institutions Code Section 1731.5(c)*, is subject to a prior prison term enhancement under *Penal Code Section 667.5*, although a prior term as a youthful adult offender directly committed to the Division of Juvenile Facilities in lieu of a state prison sentence, under *Welfare and Institutions Code Section 1731.5(a)*, is not subject to that prior prison term enhancement.n24

At least for purposes of a *Penal Code Section 667.5* enhancement, while a commitment as a mentally disordered sex offender that exceeds one year is a prior prison term,n25 a commitment to the California Rehabilitation Center (CRC)n26 or the Narcotics Treatment and Control Unitn30 is not, since the purpose of these commitments is to treat, rather than punish, the defendant. However, if the defendant is sentenced to prison, and is transferred by the Department of Corrections and Rehabilitation to serve part, but not all, of his or her sentence at CRC, and the defendant completes his or her sentence, the term constitutes a prior prison term for purposes of a prior-prison-term enhancement, the situation differs from that in which the defendant is actually subjected to a civil commitment to CRC under *Welfare and Institutions Code Section 3051*.n31

**[c] Out-of-State Conviction**

A prior conviction in another jurisdiction for an offense that would be punishable by imprisonment in state prison, if committed in California, constitutes a prior conviction for sentence enhancement purposes.n32 This rule applies to all statutory enhancements for both prior convictions and prior prison terms.n33

To qualify as a prior serious felony conviction for purposes of a *Penal Code Section 667(a)* enhancement, discussed in § 91.81[1], the foreign offense must include all of the elements of "any serious felony" listed in *Penal Code Section 1192.7(c)*. That is, even if the particular foreign felony is not listed, it will constitute a conviction for *Penal Code Section 667(a)* purposes if it includes the elements of any other serious felony that is listed.n34 To determine whether the foreign offense includes all of the elements of a listed serious felony, the court may look beyond the statutory elements of the foreign offense and consider the record of that foreign conviction.n35

In contrast, to qualify as service of a prior separate prison term for a prior felony conviction, for purposes of a *Penal Code Section 667.5* enhancement, discussed in § 91.81[2][a] and [b], the defendant must have: (1) been convicted of a foreign offense that included all of the elements of "the particular felony as defined under California law," that is, the specific felony for which the defendant has been convicted, and (2) served at least one year of imprisonment for that prior conviction.n36 To determine the first part of this query, the court may look to the record of conviction show that the defendant actually committed the listed California felony.n37

These determinations are probably made by the court and not the jury.n38

When some fact needs to be proved regarding the circumstances of the prior conviction, such as whether a prior burglary was residential, the United States Supreme Court has indicated that to pass muster under *Apprendi v. New Jersey*,n39 the *court* may make the finding on the fact, but is *limited* in the materials it may examine in doing so.n40 If the prior conviction resulted from a jury trial, the court for these purposes may look only to the statutory elements, the charging documents, to determine whether the extra factor.n41 If the prior conviction resulted from a guilty or nolo contendere plea, the court may examine only the statutory definition, the charging document, the written plea

Page 52

5-91 California Criminal Defense Practice § 91.65                                                Page 49

If a challenge to "Three Strikes" is to be made on vagueness grounds, a "shotgun approach" regarding all or most of its provisions should be avoided. Rather, individual attacks on particular issues relevant to a particular case should be made.n1 However, these types of attack are going to be difficult to make. The California Supreme Court has rejected a vagueness challenge to "Three Strikes," on the ground that "Three Strikes" fails to provide fair warning as to what constitutes a "strike." n1. And, a specific vagueness challenge to a "third strike" sentence has been rejected by the court of appeal, as a "third-striker" is on notice that he or she will be sentenced to at least a minimum term of 25 years to life.n2

A due process challenge to "Three Strikes," on the ground that it bears no rational relationship to a legitimate state purpose because it severely punishes nonviolent offenders, has potential triple life sentences, and has a high cost, has been rejected by the court of appeal. Rather, recidivist statutes are a rational response to recidivist crime.n3

An equal protection challenge to "Three Strikes," on the ground that a "Three Strikes" defendant will receive fewer conduct credits than a recidivist murderer, has been rejected by the courts of appeal. As the challenge had been based on a case that was reversed by the California Supreme Court, this issue is no longer arguable.n4 An equal protection challenge to "Three Strikes" inmates who are convicted and sentenced to prison before pretrial detainees who exercise their right to jury trial while unable to post bail and who accrue jail conduct credits, has also failed, as they are not similarly situated and eventually are subject to the same prison conduct credit restriction.n5

The court of appeal has also rejected an equal protection challenge to a "third-strike" sentencing in a case, merely because the case would not have been prosecuted, as a matter of policy, as a "third-strike" case in another county.n5.1

An attack on "Three Strikes" on due process and equal protection grounds, in meting out greater punishment to those whose crimes are of diminishing severity while giving lesser punishment to those whose crimes are of increasing seriousness, has also failed. Increasing the punishment for a person who has committed a serious or violent felony in the past is a logical way to ensure that the person commits no more felonies of any kind or degree. Nor are the two types of offenders similarly situated; as such, "Three Strikes" passes the rational relationship test and is not unconstitutional on these grounds.n6

A challenge to the Legislature's enactment of "Three Strikes" as urgency legislation, in violation of California Constitution, Article IV, Section 8(c)(3), has also been rejected by the courts of appeal, which have found that the statutory changes by the legislation did not change the primary duties of judges and prosecutors.n7

The court of appeal has also rejected the argument that imposing the "Three Strikes" law on a repeat offender who entered into a plea bargain on a "strike prior" that predated the enactment of "Three Strikes" violates the federal and state constitutional contract clauses prohibiting states from passing laws impairing the obligation of contracts.n7.1

It is clear, however, that imposing a "third-strike" sentence on a defendant is not going to be found to violate cruel and unusual punishment. The California courts have rejected such challenges for years,n8 and the United States Supreme Court has held that a sentence does not constitute cruel and unusual punishment when imposed on a defendant convicted of grand theft when the defendant has a long criminal history that includes a serious or violent felony.n8.1 Three justices of that Court opined in Ewing that such a sentence is not "grossly disproportionate," while two other justices opined that there is no proportionality review at all under the Eighth Amendment, leaving almost no room for any future California defendant to be successful on such an argument.n8.2 Nevertheless, the United States Supreme Court left the door open for an "exceedingly rare case," and the Ninth Circuit since has found such a case, striking down a "third-strike" sentence as cruel and unusual, where the current conviction was for petty theft with a prior, for shoplifting a video cassette recorder, and the only criminal history was two "strike priors" for second degree robberies that involved almost no violence, for which the defendant was placed on probation with a one-year jail condition but served only six months before being released.n8.3 Meanwhile, the California courts of appeal continue to find "third-strike" sentences as not violating cruel and/or unusual punishment.n8.4 Nevertheless, the Third Appellate District has found one case to be an "exceedingly rare" case in which the "third-strike" 25-years to life sentence violated cruel and/or unusual punishment; in that case, the defendant had been convicted for failing to register under Penal Code Section 290 on a certain required date, when the defendant did register the previous month as then required and that information, including the defendant's current address, had not changed.n8.5

If a juvenile adjudication is being used against a defendant as a "strike," defense counsel could argue that its use is violative of the defendant's right to jury trial, as discussed in § 91.60[4][B][i].

Defense counsel is warned of the possibility of waiver of any of the above issues if the defendant has entered into a plea bargain for the "second strike" or "third strike" sentence he or she is receiving. At least one court of appeal has noted in dicta that it is questionable whether the defendant may raise any of these challenges on appeal under such circumstances.n9

FOOTNOTES:
(n1)Footnote 1. See People v. Hamilton (1995) 40 Cal. App. 4th 1615, 47 Cal. Rptr. 2d 749; People v. Kinsey (1995) 40 Cal. App. 4th 1621, 47 Cal. Rptr. 2d 769; People v. Sipe (1995) 36 Cal. App. 4th 468, 42 Cal. Rptr. 2d 266 (rejecting "shotgun approach"), cert. denied, 516 U.S. 1131, 116 S.Ct. 951, 133 L.Ed. 2d 875 (1996); see also People v. Askey (1996) 49 Cal. App. 4th 381, 56 Cal. Rptr. 2d 782 (rejecting vagueness challenge and noting that ambiguities in the law may be resolved by the courts on a case-by-case fashion).

5-91 California Criminal Defense Practice § 91.65                                                Page 50

(n2)Footnote 1.1. People v. Fuhrman (1997) 16 Cal. 4th 930, 67 Cal. Rptr. 2d 1, 941 P.2d 1189.

(n3)Footnote 2. People v. Askey (1996) 49 Cal. App. 4th 381, 56 Cal. Rptr. 2d 782; People v. Hamilton (1995) 40 Cal. App. 4th 1615, 47 Cal. Rptr. 2d 749; People v. Kinsey (1995) 40 Cal. App. 4th 1621, 47 Cal. Rptr. 2d 769; People v. McCain (1995) 36 Cal. App. 4th 817, 42 Cal. Rptr. 2d 779; People v. Sipe (1995) 36 Cal. App. 4th 468, 42 Cal. Rptr. 2d 266 (rejecting argument, which was based on In re Diaz (1993) 13 Cal. App. 4th 1755, 17 Cal. Rptr. 2d 395, since disapproved in People v. Jenkins (1995) 10 Cal. 4th 234, 40 Cal. Rptr. 2d 903, 893 P.2d 1224), cert. denied, 516 U.S. 1131, 116 S. Ct. 951, 133 L. Ed. 2d 875 (1996).

(n4)Footnote 3. People v. Sipe (1995) 36 Cal. App. 4th 468, 42 Cal. Rptr. 2d 266, cert. denied, 516 U.S. 1131, 116 S. Ct. 951, 133 L. Ed. 2d 875 (1996).

(n5)Footnote 4. See, e.g., People v. Applin (1995) 40 Cal. App. 4th 404, 46 Cal. Rptr. 2d 862.

(n6)Footnote 5. People v. Applin (1995) 40 Cal. App. 4th 404, 46 Cal. Rptr. 2d 862.

(n7)Footnote 5.1. People v. Andrews (1998) 65 Cal. App. 4th 1098, 76 Cal. Rptr. 2d 823 (San Diego County defendant not denied equal protection merely because his case would not have been prosecuted as "third-strike" case in San Francisco County).

(n8)Footnote 6. People v. Cressy (1996) 47 Cal. App. 4th 981, 55 Cal. Rptr. 2d 237; People v. Cooper (1996) 43 Cal. App. 4th 815, 51 Cal. Rptr. 2d 106; People v. Kilborn (1996) 41 Cal. App. 4th 1325, 49 Cal. Rptr. 2d 152; see also People v. Edwards (2002) 97 Cal. App. 4th 161, 118 Cal. Rptr. 2d 256 (agreeing with Cooper).

(n9)Footnote 7. People v. Spears (1995) 40 Cal. App. 4th 1683, 48 Cal. Rptr. 2d 634; People v. Kinsey (1995) 40 Cal. App. 4th 1621, 47 Cal. Rptr. 2d 769; People v. Cartwright (1995) 39 Cal. App. 4th 1123, 46 Cal. Rptr. 2d 351.

(n10)Footnote 7.1. People v. Gipson (2004) 117 Cal. App. 4th 1065, 12 Cal. Rptr. 3d 478; see U.S. Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9.

(n11)Footnote 8. See, e.g., People v. Romero (2002) 99 Cal. App. 4th 1418, 122 Cal. Rptr. 2d 399; People v. Manansez (2002) 98 Cal. App. 4th 354, 119 Cal. Rptr. 2d 756; People v. Byrd (2001) 89 Cal. App. 4th 1373, 108 Cal. Rptr. 2d 243; People v. Martinez (1999) 71 Cal. App. 4th 1502, 84 Cal. Rptr. 2d 638; People v. Goodwin (1997) 59 Cal. App. 4th 1084, 69 Cal. Rptr. 2d 576; People v. Askey (1996) 49 Cal. App. 4th 381, 56 Cal. Rptr. 2d 782; People v. Cartwright (1995) 39 Cal. App. 4th 1123, 46 Cal. Rptr. 2d 351

(n12)Footnote 8.1. Ewing v. California (2003) 538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (plur opn.), Scalia, J. (conc. in judgment); Thomas, J. (conc. in judgment).

(n13)Footnote 8.2. Ewing v. California (2003) 538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (O'Connor, J. (plur opn.), Scalia, J. (conc. in judgment); Thomas, J. (conc. in judgment).

(n14)Footnote 8.3. Ramirez v. Castro (9th Cir. 2004) 365 F.3d 755; see also Reyes v. Brown (9th Cir. 2005) 399 F.3d 964 (remand to federal district court to develop further evidence on whether California defendant's prior criminal history rendered "third-strike" sentence an "exceedingly rare" instance in which sentence would constitute cruel and unusual punishment, record showed "first strike" as residential burglary committed when defendant was 17, for walking out of house with radio that did not belong to him, and "second strike" as armed robbery, but did not reveal whether "second strike" was crime against person or involved violence); but see Rios v. Garcia (9th Cir. 2004) 390 F.3d 1082 (not "exceedingly rare" case, as defendant had struggled with loss prevention officer, and knife was used by cohort during commission of priors).

(n15)Footnote 8.4. See, e.g., People v. Meeks (2004) 123 Cal. App. 4th 695, 20 Cal. Rptr. 3d 445, 20 Cal. Rptr. 3d 445 (not cruel and/or unusual punishment to impose "third-strike" sentence for failing to register under Penal Code § 290 as a sex offender).

(n16)Footnote 8.5. People v. Carmony (2005) 127 Cal. App. 4th 1066, 26 Cal. Rptr. 3d 365 ("exceedingly rare" case in which cruel and/or unusual punishment was violated; case remanded for resentencing).

(n17)Footnote 9. People v. Hamilton (1995) 40 Cal. App. 4th 1615, 47 Cal. Rptr. 2d 749 (although not deciding issue, noting that defendant was probably procedurally barred from raising "upon the date of" and vagueness challenges).

SubChapter 4 Non-"Three Strikes" Enhancements for Felony Offenders With Prior Convictions or Prison Terms

§ 91.80 Prior Convictions/Prison Terms: Common Elements and Procedures

A DEFENDANT MAY BE SUBJECT TO AN ENHANCEMENT IF HE OR SHE HAS A PRIOR FELONY CONVICTION,n1 OR HAS SERVED A PRIOR PRISON TERM.n2 AN OUT-OF-STATE CONVICTION MAY QUALIFY AS A PRIOR FOR THESE PURPOSES.n3 CERTAIN PROCEDURES APPLY AT THE PRETRIAL AND TRIAL STAGE,n4 AS WELL AS ON COLLATERAL ATTACK.n5 A PARDON OR REDUCTION OF PUNISHMENT, UNDER CERTAIN CIRCUMSTANCES, HAS AN EFFECT ON THE APPLICABILITY OF AN ENHANCEMENT.n6 UNDER CERTAIN CIR-

Supporting facts: Claim one:

Court made the mistake of sentencing me to the 6th and 7th prison priors which was suppost to be one prior (only) due to they were run concurrent. See Exhibit (A). Per Penal Code 667.5 enhancement, Clearly states that if the defendant served a single prison term for two or more concurrent offenses. The Court may not impose more than one — enhancement for this prison term. What happened is that I recieved 1 year for 6th prior and another 1 year for 7th prior "which" that clearly shows on my abstract of judgement, when I should've only recieved 1 year for the Contra Costa prison term which had 2 seperate counts, but only counts as one prior which My Attorney James R Tomcik clearly states in his letter to me dated May 22, 2007 "See Exhibit A" So there clearly is a error as "well see Exhibit B".


Pet. for writ of Hab. Corpus

Supporting Facts: Claim Two:

Enhancements that take a sentence past the statutory maxiumum is unconstitutional if a defendant was not given the right to have a jury determine the enhancements.

At Sentencing, The Judge Superceded his authority in handing down the maxiumum on the Controling charge, then hiting me with the maxiumum on all my prison priors, none of which contained any type of violence, non-violent, non-progression, therefore no grands for or bases of "aggravating Curcumstances" for the excessive prison time for such offenses. Failure of legal Counsel to even challenge the terms or amount of time involved speaks directly to his inCompotence and /or his unawareness and Knowledge in application of enhancements.

pet. for writ of Hab. Corpus

Supporting Cases, rules, or other authority.

Know and Could not reasonably have discovered the facts supporting the Claim at sentence. In RE: Harris (1993) 5. CAL 4th 813, 838, 21 CAL-RPTR 8d. 391 IN RE: Terry (1971) 4 CAL 3d. 911, 916, 95 CAL-RPTR 31, 484 P. 2nd 1375 (The Change of law exception applies to an issue Created by a new rule of law effected after petitioner's sentencing and where Judicial remedies are exhausted. State Habeas Corpus is the exclusive remedies)

Pet. For Writ of Hab. Corpus.
.7.