IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MICHAEL CROMMELIN,<br><br>    Petitioner,<br><br>  v.<br><br>MIKE MARTEL, Warden,<br><br>    Respondent. | No. C 08-2455 WHA (PR)<br><br>**GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner currently incarcerated at Mule Creek State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

Petitioner pled guilty to unlawfully taking a vehicle and to receiving stolen property. With enhancements for prior convictions (nine were alleged), he was sentenced to prison for eleven years. Petitioner claims he has exhausted the contentions he makes here by way of state habeas petitions.

**DISCUSSION**

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court did not follow California law when it allegedly imposed an enhancement for both the sixth and seventh prior convictions, when petitioner had received concurrent sentences for those convictions; (2) his due process rights as announced in *Cunningham v. California*, 127 S. Ct. 856, 871 (2007), were violated by imposition of the enhancements without a jury having determine their validity; and (3) his counsel was ineffective in failing to challenge imposition of the upper term on the substantive offense and failing to make the argument presented in issue one.

Federal habeas relief can be granted only for violations of the federal constitution or other federal law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's contention in claim one is only that state law was violated, so that claim will be dismissed.

As to claim two, *Cunningham* applies only to a sentencing court's choice between the low, middle or upper term of a sentence for a substantive offense, not to enhancements for prior offenses. *Cunningham*, 127 S. Ct. 856, 860. Claim two therefore is clearly without merit and

2

will be summarily dismissed.

Claim three is sufficient to require a response.

## CONCLUSION

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. Claims one and two are **DISMISSED**.

3. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time

3

allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May   20   , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\CROMMELIN2455.OSC.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY M. CROMMELIN,

        Plaintiff,

  v.

MIKE MARTEL et al,

        Defendant.
_____/

Case Number: CV08-02455 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey M. Crommelin
E-98116/ A-Gym-136m
Mule Creek State Prison
PO Box 409020
Ione, CA 95640

Attorney General's Office
455 Golden Gate Ave
San Francisco, CA 94102

Dated: May 20, 2008

                              Richard W. Wieking, Clerk
                              By: D. Toland, Deputy Clerk