IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY MICHAEL CROMMELIN,

    Petitioner,

  v.

MIKE MARTEL, Warden,

    Respondent.
                                 /

No. C 08-2455 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a habeas case filed pro se by a state prisoner pursuant to 28 U.S.C. 2254. Two of the three claims in the petition were dismissed because they did not set forth a cognizable basis for federal habeas relief. Respondent was ordered to show cause why the writ should not be granted based on the sole cognizable claim. Respondent has filed an answer and a memorandum of points and authorities in support of it. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

On May 4, 2006, petitioner pled no contest in Alameda County Superior Court to charges of stealing a car and receiving stolen property pursuant to California Vehicle Code § 108 and California Penal Code § 496(a), and he admitted to having nine prior convictions (Exh.

1).[1] On September 26, 2007, the trial court sentenced petitioner to a term of 11 years and eight months in state prison, but suspended the sentence and placed petitioner on probation (Exh. 3 at 4). On March 15, 2007, petitioner admitted violating his probation (Exh. 4 at 4). The trial court terminated probation and sentenced petitioner to a term of 11 years in state prison, consisting of three years for stealing a car and, pursuant to California Penal Code § 667.5, one year for each of eight of his prior convictions (Exh. 4 at 4-5; Exh. 5).

Petitioner exhausted the claim raised herein in unsuccessful habeas petitions filed in all three levels of the state courts. On May 13, 2008, petitioner filed the instant federal habeas petition.

## ANALYSIS

As grounds for federal habeas relief, petitioner claims that he received ineffective assistance of counsel at sentencing. Specifically, he complains that counsel failed to challenge the imposition of an upper term on the charge of stealing a car, and failed to challenge the imposition of one-year enhancements on both the sixth and seventh prior convictions.

Petitioner is not entitled to federal habeas relief on this claim unless the state court's denial of his claim was contrary to or an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1).[2] The Supreme Court has not decided what standard should apply to counsel's performance in non-capital sentencing proceedings. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set the standard for ineffective assistance of counsel at trial but declined to "'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of

---

[1] Unless otherwise specified, citations to "Exh." are to the exhibits lodged with respondent's answer.

[2] Petitioner does not assert any improper factual determinations by the state courts, and therefore Sections 2254(d)(2) and 2254(e) do not apply to his claim. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (Sections 2254(d)(2) and 2254(e) apply to state court factual determinations).

2

constitutionally effective assistance,'" and no later Supreme Court decision has done so either. *Cooper-Smith*, 397 F.3d at 1244 (quoting *Strickland*, 466 U.S. at 686). Consequently, there is no "clearly established" Supreme Court precedent governing claims that counsel was ineffective at a sentencing proceeding in a noncapital case. *Davis v. Grigas*, 443 F.3d 1155, 1158-59 (9th Cir. 2006); *Cooper-Smith*, 397 F.3d at 1244-45. In the absence of such precedent, Section 2254(d)(1) precludes federal habeas relief on the basis of petitioner's claim that counsel was ineffective at his sentencing proceeding. Accordingly, his petition for a writ of habeas corpus must be denied.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 27, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\CROMMELIN2455.RUL.wpd

3